UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN R. TELLER, | ) | CASE NO. 1:18 CV 1359 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | **MEMORANDUM OF OPINION** |
| OF JUSTICE, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Susan Teller has filed in this Court a civil rights action under 28 U.S.C. § 1983 against the United States Department of Justice and the United States Department of Defense, Office of the Inspector General. (Doc. 1.) In the Complaint, Plaintiff alleges Defendants violated her constitutional rights in connection with, among other things, her family's alleged "natural gas and oil property and inheritance rights to said mineral rights . . . ." (*Id.*) For the reasons stated below, the Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff's Complaint asserts four civil rights claims based on violations of the Fifth and Fourteenth Amendments. They are: (1) the Department of Defense violated her due process and equal protection rights by "rendering [her] into a life of abject poverty, unhappiness, forced isolation due to repeated attempts to take [her] life, continuous and non-stop stalking and

harassment, [and] poison[ing] her . . . for the sole purpose of robbing millions of dollars [from Plaintiff and her family] in natural gas and oil property and inheritance rights to said mineral rights" in the Utica Shale Region of West Virginia; (2) the United States Department of Justice, Attorney General of the United States, and the Department of Defense Office of Inspector General violated Plaintiff's due process rights by interfering in her ability "to earn a livelihood" and "forc[ing] [her] to give in to disabilities [she] has suffered from throughout [her] life"; (3) Defendants, various local and federal government law and law enforcement agencies,[1] former United States presidents, and current and former congressmen,[2] violated Plaintiff's equal protection rights by a "continuous and purposeful unwillingness . . . to investigate and solve" the many crimes she has reported since 2008[3]; and (4) Plaintiff's personal property was taken from her and her family without just compensation when Northeast Natural Energy pressured her mother to sell it her natural gas and oil mineral rights in November 2016. (Doc. 1 at 1-9.)

Plaintiff requests for relief: (1) formal and fair investigations of the crimes listed in the Complaint and of other similar crimes relating to mineral rights in the Utica Shale Region of

---

[1] Plaintiff specifically cites: the police departments of Shaker Heights, Ohio, Mayfield Heights, Ohio, and Lyndhurst, Ohio; the Lyndhurst Municipal Court; Cleveland's Director of Public Safety and Department of Internal Affairs Investigator; the Federal Bureau of Investigation and its Cleveland Field Office; the Department of Defense Office of Special Investigations; the Department of Justice Office of Inspector General; the United States Office of Special Counsel; the United States Office of the Attorney General; and the Ohio and West Virginia Attorneys General. (Doc. 1 at 4-5.)

[2] Plaintiff identifies: Senator Sherrod Brown, Senator Robert Portman, Representative Marcia Fudge, former Congressman Dennis Kucinich, President Barack Obama; and President Bill Clinton. (Doc. 1 at 5.)

[3] Plaintiff's Exhibit B, attached to the Complaint, lists the crimes she allegedly has reported. (*See* Doc. 1-2.)

West Virginia; (2) an order directing that all lease or sale contracts between Northeast Natural Energy and Plaintiff's family be renegotiated to reflect a "just" sale or lease amount; (3) restitution for all damages caused to Plaintiff and Plaintiff's family for all crimes listed in the Complaint and a court order recognizing the commission of those crimes; (4) the "American public . . . be made aware of any . . . crimes listed within this complaint as being committed against [P]laintiff and [p]laintiff's family"; and (5) a formal congressional investigation into all lease or sale deals Northeast Natural Energy completed in the Utica Shale Region of West Virginia to determine if "just compensation" was given in those transactions. (*Id.* at 16-17.)

## ANALYSIS

*Pro se* pleadings must be liberally construed. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). But this principle is not without limits. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Id.* at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.; see also Erwin v. Edwards,* 22 Fed. Appx. 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf . . . .") (internal citations omitted).

Indeed, federal district courts are required to screen all *in forma pauperis* complaints and

dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Here, Plaintiff alleges that Defendants violated her Fifth and Fourteenth Amendment rights, but she does not reference the federal civil rights statute, 42 U.S.C. § 1983, in her Complaint. Nonetheless, it appears that she seeks to bring such claims, as § 1983 is the statutory vehicle to redress alleged violations of federal constitutional rights. *See, e.g., Lomax v. Hennoy*, 151 F.3d 493, 500 (6th Cir. 1998).

To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *E.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is well-settled, however, that agencies of the United States Government, such as the United States Department of Justice and the Department of Defense Office of Inspector General, may not be subjected to suit under § 1983 under the doctrine of sovereign immunity. *See, e.g., United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976); *Hall v. United States*, 704 F.2d 246, 251–52 (6th Cir. 1983); *see also Jones v. U.S. Enforcement Admin.*, 867 F. Supp. 626, 628-29 (6th Cir. 1993) ("the U.S. government and its agencies are not liable for § 1983 damages due to their sovereign immunity"). Plaintiff's Complaint must be dismissed under § 1915(e)(2)(B), therefore, because it seeks monetary relief from defendants who are immune from relief for federal civil rights claims.

Moreover, even if the Court were to construe Plaintiff's Complaint to state claims against

4

other parties she identifies in the Complaint but does not name as defendants, the Complaint still must be dismissed under § 1915(e)(2)(B) because it fails to state a claim for which relief may be granted. In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Merely stating legal conclusions or reciting the elements of a cause of action also will fail to meet this pleading standard. *Iqbal*, 556 U.S. at 678. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *E.g., Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Construing Plaintiff's Complaint liberally, she has not met basic pleading requirements or stated a claim upon which relief may be granted. Plaintiff's claims are wholly conclusory and lack coherent factual allegations sufficient to state a plausible federal claim against the named Defendants or other individuals or governmental entities she mentions in her Complaint. Furthermore, a complaint is frivolous when, as here, "the facts alleged rise to the level of the irrational or wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Plaintiff's Complaint, therefore, also must be dismissed pursuant to § 1915(e)(2)(B) for failing to state a

claim and for being frivolous. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

## Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted, and Plaintiff's Complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

_____
**DONALD C. NUGENT**
**United States District Judge**

Dated: August 23, 2018